OPINION
{¶ 1} Defendant, James Bump, appeals from his conviction and sentence for rape and his designation as a sexual predator.
 {¶ 2} Defendant was indicted on one count of rape involving a child under age thirteen, R.C. 2907.02(A)(1)(b), and one count of endangering children, R.C. 2919.22(B)(5). A sexually violent predator specification, R.C. 2941.148, was attached to the rape charge.
 {¶ 3} Defendant entered a plea of guilty to the rape charge pursuant to a negotiated plea agreement. In exchange, the State dismissed the sexually violent predator specification and the endangering children charge. The trial court sentenced Defendant to ten years imprisonment, to be served consecutive to other sentences Defendant was already serving, and classified Defendant as a sexual predator.
 {¶ 4} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief, Andersv. California (1967), 386 U.S. 738, claiming that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations, and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision.
 {¶ 5} In his Anders brief appellate counsel has identified two potential issues for appeal which we shall address.
 First Assignment Of Error {¶ 6} "The Trial Court Erred In Its Finding That The Defendant Is A Sexual Predator."
 {¶ 7} In order to adjudicate Defendant a sexual predator, the trial court must find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3).
 {¶ 8} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 9} Defendant's conviction for rape constitutes a sexually oriented offense. R.C. 2950.01(D)(1). Thus, the only remaining issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
 {¶ 10} In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender which are set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline."Id., at p. 589. Because the "guidelines do not control a judge's discretion," Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 11} The statutory guidelines are:
 {¶ 12} "(a) The offender's age;
 {¶ 13} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 15} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 16} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender;
 {¶ 19} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 22} As part of the sentencing hearing but before Defendant was sentenced, the trial court conducted a sexual offender classification hearing, affording Defendant and the prosecutor an opportunity to present evidence and argument. This procedure complies with R.C. 2950.09(B)(1).
 {¶ 23} Although neither party presented any documentary evidence or witnesses, both parties presented argument relative to Defendant's sexual offender status. In addition to considering the parties' arguments, the trial court considered the statements of the victim and Defendant contained in the presentence investigation report.
 {¶ 24} In relating the recidivism factors listed in R.C.2950.09(B)(2) to the evidence in this case, the prosecutor noted that the victim was ten years of age while Defendant was thirty-five. R.C.2950.09(B)(2)(a), (c). The prosecutor observed that Defendant has previous convictions for sexual offenses, dating back to 1993, and is currently serving a thirty-two year sentence for sex offenses committed in Champaign and Logan counties. R.C. 2950.09(B)(2)(b). Defendant was previously classified as a sexual predator in 2001 in both Champaign and Logan counties. Defendant completed the sentences imposed for some of his previous sexual offenses but he has failed to respond favorably to treatment. R.C. 2950.09(B)(2)(f).
 {¶ 25} In arguing that Defendant's sexual conduct with this victim was part of a demonstrated pattern of abuse, R.C. 2950.09(B)(2)(h), the prosecutor observed that all of Defendant's victims, four in the last nine years, have been children, both boys and girls. While in prison, Defendant wrote numerous letters to this young female victim and her mother describing in graphic detail his sexual conduct with this victim and expressing a desire that the victim stay in contact with him and write back with similar sexually explicit letters. Defendant also expressed a desire in his letters to marry the victim and have a sexual liaison with both the victim and her mother at the same time when he gets out of prison. R.C. 2950.09(B)(2)(j).
 {¶ 26} Defense counsel, on the other hand, emphasized in argument to the trial court those factors that tend to show Defendant is not likely to reoffend. For instance, this case did not involve multiple victims, R.C. 2950.09(B)(2)(d), no drugs or alcohol were given to the victim to impair her and prevent resistence, R.C. 2950.09(B)(2)(e), and no cruelty was displayed during commission of the offense, R.C.2950.09(B)(2)(i).
 {¶ 27} While some of the applicable factors listed in R.C.2950.09(B)(2) are favorable to Defendant, the majority are clearly probative of the increased risk for sexual reoffending that Defendant poses. After considering and weighing the factors and evidence in this case, the trial court concluded that Defendant is likely to reoffend in the future, and designated him a sexual predator. Without question there is clear and convincing evidence to support that conclusion.
 {¶ 28} This assignment of error is overruled.
 Second Assignment Of Error {¶ 29} "The Defendant Was Prejudiced By Ineffective Assistance Of Counsel."
 {¶ 30} Appellate counsel has not identified a single incident of deficient performance by Defendant's trial counsel, and our review of the trial court's proceedings has not disclosed any, much less any resulting prejudice as defined by Strickland v. Washington (1984), 466 U.S. 668. We note that during plea negotiations trial counsel successfully negotiated for dismissal of the sexually violent predator specification that carried a potential life imprisonment sentence. No ineffective assistance of counsel is demonstrated on this record.
 {¶ 31} This assignment of error is overruled.
 {¶ 32} In addition to the potential errors raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no errors having arguable merit. Accordingly, Defendant's appeal is frivolous and the judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.